United States v. Iorio

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of March, two thousand twelve.

PRESENT: DENNIS JACOBS,
                              **Chief Judge**,
            DENNY CHIN,
            SUSAN L. CARNEY,
                              **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
        **Appellee**,

        -v.-                                    11-523

JOSEPH IORIO,
        **Defendant-Appellant**.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              Michael C. Rakower, (Gordon
                           Mehler, Rebecca Stack Campbell,
                           on the brief), Law Offices of
                           Gordon Mehler, PLLC, New York,
                           N.Y.

1

**FOR APPELLEES:**                    Michael H. Warren (Jo Ann M.
                                     Navickas, on the brief),
                                     Assistant United States
                                     Attorneys, for Loretta E. Lynch,
                                     United States Attorney for the
                                     Eastern District of New York,
                                     Brooklyn, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Amon, C.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Joseph Iorio ("Iorio") appeals from a conviction, following a jury trial, for five counts of mail and wire fraud. See 18 U.S.C. §§ 1341, 1343. Iorio argues that the court erred in denying his motion for a judgment of acquittal, see Fed. R. Crim. P. 29, and his motion for a new trial, see Fed. R. Crim. P. 33. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"[W]e review de novo the denial of a Rule 29 sufficiency challenge, . . . [and] we view th[e] evidence in the light most favorable to the government, assuming that the jury resolved all questions of witness credibility and competing inferences in favor of the prosecution." United States v. Abu-Jihaad, 630 F.3d 102, 134 (2d Cir. 2010) (citations omitted). "Where a defendant's Brady claim was raised in a motion for a new trial pursuant to Rule 33 . . . we review the denial of the motion for abuse of discretion." United States v. Douglas, 525 F.3d 225, 245 (2d Cir. 2008) (internal quotation marks omitted).

"The elements of mail or wire fraud are (i) a scheme to defraud (ii) to get money or property, (iii) furthered by the use of interstate mail or wires." United States v. Autori, 212 F.3d 105, 115 (2d Cir. 2000). Iorio's scheme relied on Yonkers Contracting Company ("YCC") winning a contract based on an inflated subcontract bid from Leticia, Inc., and therefore on Leticia Rojas *not* submitting market-rate bids to YCC's competitors. Rojas's submission of inflated bids to the competitors--leveling the playing field with YCC--was therefore in furtherance of Iorio's scheme. See Schmuck v. United States, 489 U.S. 705, 710-11 (1989)

2

("[T]he use of the mails need not be an essential element of the scheme.  It is sufficient for the mailing to be incident to an essential part of the scheme or a step in [the] plot." (second alteration in original; citations and internal quotation marks omitted)); see also United States v. Keats, 937 F.2d 58, 63 (2d Cir. 1991) ("That there was a slight variation in the methodology used to achieve [the ultimate goal of the scheme] does not negate the fact that the . . . telephone call was placed for the purpose of furthering [the] scheme.").

"A Brady violation occurs only where there is a 'reasonable probability' that a different verdict would have resulted from disclosure of the information that the defendant claims was suppressed."  United States v. Rodriquez, 496 F.3d 221, 227 (2d Cir. 2007) (quoting Strickler v. Greene, 527 U.S. 263, 281 (1999)).  Iorio does not show he was prejudiced by any delay in the government's disclosure of evidence that Rojas inflated her bids by only twenty-five cents per ton.  Neither does he show a "reasonable probability that earlier disclosure" of the material that the government disclosed on September 10 and 14 "would have produced a different result at trial."  See United States v. Coppa, 267 F.3d 132, 144 (2d Cir. 2001); see also Douglas, 525 F.3d at 245–46.  Finally, in light of the government's other disclosures impugning Rojas's credibility, Iorio shows no prejudice from the government's failure to disclose the report of Rojas's interview before the New Jersey Department of Environmental Protection.

Finding no merit in Iorio's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK